1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOVAN STRONG,

11           Plaintiff,                    No. 2:11-cv-1916 KJM JFM (PC)

12       vs.

13   SOLANO COUNTY
     SHERIFF'S DEPARTMENT
14   (MEDICAL STAFF),

15           Defendants.              ORDER

16   _____/

17           Plaintiff is a pretrial detainee in a county jail proceeding pro se and in forma

18   pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed August 1, 2011,

19   plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now

20   filed an amended complaint.

21           The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26   U.S.C. § 1915A(b)(1),(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges generally that the Solano County Sheriff's Department has failed to provide him with proper medical care. He alleges that he has "repeatedly made request for medical attention" and that he "feel(s) that [he] has been made with deliberate indifference to serious medical needs...." Amended Complaint, filed August 30, 2011, at 4. Plaintiff names two defendants: the Facility Administrator Lt. Rod Marsh, and Dr. James Firman.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the

actions of their employees under a theory of respondeat superior and, therefore, when a named

defendant holds a supervisorial position, the causal link between him and the claimed

constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

941 (1979). Vague and conclusory allegations concerning the involvement of official personnel

in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

Cir. 1982).

Plaintiff has included Lt. Marsh in this action based solely on his supervisory role

as Facility Administrator. See Amended Complaint at 3. For that reason, the amended

complaint does not state a cognizable claim for relief against Lt. Marsh.

Plaintiff's sole allegation against Dr. Firman "is the head physician of this facility

and personally made the final judgments in dealing with my medical issues." Id. at 4. Although

the court can glean that plaintiff is attempting to allege that his constitutional rights are being

violated by inadequate medical care, the allegations in plaintiff's amended complaint are so

vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a "short and plain statement of the claim showing the pleader is entitled to relief" as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended

/////

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Second Amended Complaint. Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

DATED: October 11, 2011.

UNITED STATES MAGISTRATE JUDGE

12
stro1916.142

1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9    JOVAN STRONG,

10          Plaintiff,                    No. 2:11-cv-1916 KJM JFM (PC)

11          vs.

12   SOLANO COUNTY
     SHERIFF'S DEPARTMENT
13   (MEDICAL STAFF),                     NOTICE OF AMENDMENT

14          Defendants.

15   _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18          _____          Second Amended Complaint

19   DATED:

20

21

22                                       _____
                                         Plaintiff

23

24

25

26

6